THE COURT
charged the jury, that the averment of the defendant’s agreement to call at plaintiff’s coffee house for the transfer was immaterial and need not he proven, and that the agreement by the plaintiff to call at the auction store of the defendant, was equally immaterial.
Yerdict and judgment for plaintiff, $56 and costs.
Exceptions were taken in behalf of Wood to the refusal of the *562 court to rule out the evidence, and to the charge of the court; and for error in these particulars, it is now sought to reverse the judgment.
Strait and Hawes for the plaintiff in error.
S. Finley contra.
WRIGHT, J. The plaintiff below counted upon a contract by the defendant, to call at his coffee house the next day, and transfer to him five shares of the Commercial Bank stock, according to the rules' of the Bank, on his receiving $55 a share. He proved a contract to transfer on the next day absolutely, and a tender and demand of the transfer the day after it was to have been made. The defendant moved to reject this evidence, after it was given, because it proved a contract variant from the one declared on, which was refused. We do not see the error in this refusal. The evidence was applicable to the issue, and admissible, even if objected to in time. If the bill of exceptions showed that this was all the evidence given, and the motion had been for a non suit, the question might have been different, but that was not the case. The record shows no error in this refusal.
By adding the proof offered by the defendant, to that of the plaintiff, the contract shown was for Wood to transfer on the 21st at'the bank, if Bates called on him at his auction store for that purpose. The contract set out in the bill of exceptions as proven was made in 1833, two years after the suit was brought. But passing that as a mere clerical error, the court, we think, erred in charging the jury that the condition upon which the contract was to be performed was immaterial, and for this error the judgment is reversed, and" the cause remanded.